UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALCHEMY ADVISORS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:08CV1964 FRB |
| | ) |
| CEDARBURG PHARMACEUTICALS, INC., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Presently pending before the Court is defendants' Motion to Reconsider the Court's Memorandum and Order Dated July 15, 2009 (Doc. #17), and Motion for Permission for Certification to File an Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (Doc. #19). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff filed this diversity action in this Court on December 18, 2008, naming Cedarburg companies[1] and their president, James Yarger, as defendants in the cause. Cedarburg and Yarger are residents of the State of Wisconsin. Defendants thereafter sought to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(2), arguing

---

[1]In its Complaint, plaintiff names Cedarburg Pharmaceuticals, Inc., Cedarburg Pharmaceuticals LLC, and CLI Ventures, Inc., as defendants (referred to collectively as "Cedarburg"). Plaintiff avers that, at all relevant times, these defendants were doing business as, or acting through, their predecessor Cedarburg Laboratories, Inc., of which defendant James Yarger was president.

that this Court lacked personal jurisdiction over them. In a Memorandum and Order entered July 15, 2009, the Court denied defendants' Motion to Dismiss, finding that plaintiff had sufficiently established a prima facie case of specific personal jurisdiction over the defendants in the circumstances of this case. (See Doc. #16, Memo. & Order.) Defendants now request the Court to reconsider this determination, and further request the Court to certify the question for interlocutory appeal. Plaintiff has responded to the motions.

As an initial matter, the undersigned notes that defendants request this Court to reconsider its Memorandum and Order pursuant to Fed. R. Civ. P. 59, which governs motions for new trial, or to alter or amend judgments. A party's motion to reconsider a non-final order, however, is governed by considerations under Fed. R. Civ. P. 60(b). Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999); see also Elder-Keep v. Aksamit, 460 F.3d 979, 984-85 (8th Cir. 2006) ("[W]e have determined that motions for reconsideration are 'nothing more than Rule 60(b) motions when directed at non-final orders.'") (quoting Anderson v. Raymond Corp., 340 F.3d 520, 525 (8th Cir. 2003)). Under Rule 60(b)(1)-(5), the Court may relieve a party from an order for any one of the enumerated reasons set out therein, including excusable neglect, surprise, newly discovered evidence, fraud, a void judgment, or inequitable application. Rule 60(b)(6) permits relief

from an order for "any other reason that justifies relief." Relief under "Rule 60(b) is an extraordinary remedy" and is "justified only under 'exceptional circumstances.'" Prudential Ins. Co. of Am. v. National Park Med. Ctr., Inc., 413 F.3d 897, 903 (8th Cir. 2005) (quoting Watkins v. Lundell, 169 F.3d 540, 544 (8th Cir. 1999)).

In their Motion to Reconsider, defendants do not invoke any specific enumerated reason under Rule 60(b)(1)-(5) upon which they request the Court to review its previous Memorandum and Order. As such, it appears that the ground upon which defendants seek relief is Rule 60(b)(6)'s catch-all provision, which provides that relief may be granted for any other reason that would justify relief. Parties may not use this provision as a vehicle for setting forth arguments that were made or could have been made earlier in the proceedings. See Broadway, 193 F.3d at 989-90 ("In their 'motion for reconsideration,' defendants did nothing more than reargue, somewhat more fully, the merits of their claim[.] . . . This is not the purpose of Rule 60(b). . . . It is not a vehicle for simple reargument on the merits.").

The arguments made in the defendants' Motion to Reconsider restate those made in their original Motion to Dismiss, and set forth their disagreement with the Court's legal determination made on the facts of the case relevant to the issue

of personal jurisdiction.[2]  Defendants do not cite to any
intervening law or any other exceptional circumstance to justify
revisiting the Court's decision.  The Court thoughtfully considered
the parties' respective positions and reached its conclusion based
upon reasonable interpretation of applicable law.  Nothing
submitted by the defendants in the instant motion serves to
persuade the Court that the determination made in the Memorandum
and Order of July 15, 2009, was incorrect.

"Relief is available under Rule 60(b)(6) only where
exceptional circumstances have denied the moving party a full and
fair opportunity to litigate his claim and have prevented the
moving party from receiving adequate redress."  Harley v. Zoesch,
413 F.3d 866, 871 (8th Cir. 2005).  A review of the record here
shows the defendants to have had ample opportunity to litigate the
issue of personal jurisdiction, and indeed did so.  Their mere
disagreement with the Court's legal resolution of this contested
issue is not a basis upon which to reconsider the decision.  See
Air Line Pilots Ass'n v. Precision Valley Aviation, Inc., 26 F.3d
220, 227 (1st Cir. 1994) (a court is "under no obligation to
repastinate well-ploughed soil simply because an unsuccessful
litigant balks at taking 'no' for an answer.").

Accordingly, because defendants have failed to

---

[2]In addition to reiterating facts and argument relevant to personal jurisdiction, the instant motion also raises arguments directed at the merits of plaintiff's claims raised in this cause of action.

demonstrate that exceptional circumstances justify relief from the Court's Memorandum and Order of July 15, 2009, defendants' Motion to Reconsider the Court's Memorandum and Order Dated July 15, 2009, should be denied.

To the extent defendants request permission from this Court pursuant to 28 U.S.C. § 1292(b) to pursue an interlocutory appeal on the question of personal jurisdiction, the request should likewise be denied. "There is a strong policy in the law against interlocutory appeals." <u>United States v. 687.30 Acres of Land, More or Less, in Dakota & Thurston Counties, State of Neb.</u>, 451 F.2d 667, 670 (8th Cir. 1971).

Under 28 U.S.C. § 1292(b), the district court may permit an appeal to be sought on an order not otherwise appealable if it finds 1) that such order involves a controlling question of law, 2) that there exists a substantial ground for difference of opinion on such question, and 3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. In <u>White v. Nix</u>, 43 F.3d 374 (8th Cir. 1994), the Eighth Circuit held that § 1292(b)'s mechanism providing for interlocutory appeals should be used "sparingly" so as to avoid piecemeal appeals. <u>Id.</u> at 376. The court of appeals stated that § 1292(b) "'should and will be used only in exceptional cases where a decision on appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases.'" <u>Id.</u> (quoting S. Rep. No. 2434, 85th

Cong., 2d Sess. (1958), reprinted in 1958 U.S.C.C.A.N. 5255, 5260). As such, the movant bears a heavy burden to show that the case is an "exceptional" one in which immediate appeal is warranted. Id. Section 1292(b) is "not intended merely to provide review of difficult rulings in hard cases." United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966) (per curiam) (cited approvingly in Union County, Iowa v. Piper Jaffray & Co., Inc., 525 F.3d 643, 646 (8th Cir. 2008)).

The defendants here have failed to show that the instant case is an exceptional one warranting immediate appeal of the question of personal jurisdiction. On the information before the Court, this appears to be a straightforward breach of contract action in which plaintiff alleges it performed services as required by contract but did not receive full compensation. Nothing before the Court shows that this litigation will be protracted or expensive such that immediate appeal of a well supported determination on personal jurisdiction would be warranted. While the defendants may question the correctness of the Court's legal determination on the existence of personal jurisdiction in this cause, the undersigned does not consider there to be substantial ground for difference of opinion on the question and indeed finds there to be a substantial and sound legal basis to support the determination made.

Accordingly, because defendants have failed to meet their

heavy burden of demonstrating that the case is an exceptional one in which an immediate appeal on the question of personal jurisdiction is warranted, defendants' Motion for Permission for Certification to File an Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) should be denied.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendants' Motion to Reconsider the Court's Memorandum and Order Dated July 15, 2009 (Doc. #17) is denied.

**IT IS FURTHER ORDERED** that defendants' Motion for Permission for Certification to File an Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (Doc. #19) is denied.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this __4th__ day of January, 2010.